# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

JAMES R. MELL,

    Petitioner,

          CIVIL NO. 2:18-CV-11971

v.          HONORABLE PAUL D. BORMAN
          UNITED STATES DISTRICT COURT


GREGORY L. SKIPPER,

    Respondent.
_____/

## OPINION AND ORDER DENYING THE MOTION FOR RECONSIDERATION AND DIRECTING THE CLERK OF THE COURT TO TRANSFER THE MOTION FOR A CERTIFICATE OF APPEALABILITY (Dkt. # 15) AND THE APPLICATION TO PROCEED WITHOUT PREPAYING FEES AND COSTS ON APPEAL (Dkt. # 14) TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

   This Court denied petitioner's application for a writ of habeas corpus and further denied him a certificate of appealability or leave to appeal *in forma pauperis*. *Mell v. Skipper*, No. 2:18-CV-11971, 2019 WL 2163134 (E.D. Mich. May 17, 2019).

   Petitioner has filed a motion for a certificate of appealability and an application to proceed without prepaying fees and costs on appeal, which this Court will treat in part as a motion for reconsideration of the Court's previous decision to deny a certificate of appealability or leave to appeal *in forma pauperis*.

1

Petitioner has also filed a Notice of Appeal. (Dkt. # 13).

For the reasons that follow, the Court denies petitioner's motion for reconsideration. The Court orders that petitioner's motion for a certificate of appealability and the application to proceed without prepaying fees and costs on appeal to be transferred to the United States Court of Appeals for the Sixth Circuit.

E.D.Mich. LR 7.1(h) allows a party to file a motion for reconsideration. In order for a court to grant a motion for reconsideration, the movant must show (1) a palpable defect; (2) that misled the court and the parties; and (3) that correcting the defect will result in a different disposition of the case. *Sigma Financial Corp. v. American Intern. Specialty Lines Ins. Co.,* 200 F. Supp. 2d 710, 715 (E.D. Mich. 2002). A 'palpable defect' is a defect which is considered "obvious, clear, unmistakable, manifest, or plain." *Id.* As a general rule, a court will not grant a motion for rehearing or reconsideration that merely presents the same issues ruled upon by the court, either expressly or by reasonable implication. *Id.*

This Court previously denied petitioner a certificate of appealability when it denied the petition for writ of habeas corpus. The Court thus construes the motion for a certificate of appealability as a motion for reconsideration of the Court's prior order to deny a certificate of appealability. *See, e.g., Jackson v. Crosby,* 437 F. 3d 1290, 1294, n. 5 (11th Cir. 2006). Likewise, the Court construes the application to

proceed without prepaying fees and costs on appeal as a motion for reconsideration of the Court's prior order to deny him leave to appeal *in forma pauperis* in this case. *See Pettigrew v. Rapelje,* No. 2008 WL 4186271, p. 1 (E.D. Mich. Sept. 10, 2008).

Petitioner's motion for reconsideration will be denied, because he is merely presenting issues which were already ruled upon by this Court, either expressly or by reasonable implication, when the Court denied the petition for writ of habeas corpus and declined to issue a certificate of appealability or leave to appeal *in forma pauperis. See Hence v. Smith,* 49 F. Supp. 2d 547, 553 (E.D. Mich. 1999).

The proper procedure when a district court denies a certificate of appealability is for the petitioner to file a motion for a certificate of appealability before the appellate court in the appeal from the judgment denying the petition for writ of habeas corpus or the motion to vacate sentence. *See Sims v. U.S.,* 244 F. 3d 509 (6th Cir. 2001) (citing Fed. R. App. P. 22(b)(1)). Petitioner should direct his request for a certificate of appealability to the Sixth Circuit. The Court, in the interests of justice, will order that the motion for a certificate of appealability be transferred to the United States Court of Appeals for the Sixth Circuit.

The Court will also order the Clerk of the Court to transfer the application to proceed without prepaying fees and costs on appeal to the Sixth Circuit. It is well

settled that the filing of a notice of appeal transfers jurisdiction over the merits of the appeal to the appellate court. *Workman v. Tate*, 958 F.2d 164, 167 (6th Cir. 1992). Petitioner's notice of appeal divests this Court of jurisdiction to consider his request that he be permitted to proceed *in forma pauperis* in the Sixth Circuit Court of Appeals. *See Glick v. U.S. Civil Service Comm'n,* 567 F. Supp. 1483, 1490 (N.D. Ill. 1983). Because jurisdiction of this action was transferred from the district court to the Sixth Circuit Court of Appeals upon the filing of the notice of appeal, the application would be more appropriately addressed to the Sixth Circuit.

**IT IS HEREBY ORDERED** that:

(1) The motion for reconsideration is **DENIED.**

(2) The Clerk of the Court is **ORDERED** to transfer the Motion for Certificate of Appealability (Dkt. # 15) and the Application to Proceed Without Prepaying Fees and Costs on Appeal (Dkt.# 14) to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

**SO ORDERED.**

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: June 27, 2019